UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**MICHELLE L. VAN ARSDALE,**
         **- Plaintiff**


         **v.**                     CIVIL NO. 3:11CV01014(TPS)

**MICHAEL J. ASTRUE,**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION,**
         **- Defendant**


<u>ORDER</u>

The defendant's Motion To Reverse and Remand this case to the Commissioner under sentence four of 42 U.S.C. § 405(g) [Dkt. #32] is **GRANTED** in part and **DENIED** in part. To the extent that the parties have consented to a remand of the case to the Commissioner for the taking of additional evidence, the motion is granted. To the extent that the motion fails to limit the time for further administrative action by the Commissioner, and provides for the scheduling of telephonic testimony on remand, the motion is denied.

The plaintiff filed her application for benefits on November 10, 2005. The ALJ issued an unfavorable decision on September 27, 2007, and the Appeals Council needed until March 25, 2009 to deny review of this decision. After the plaintiff commenced an action [09-cv-706 (CSH)] in this Court on April 28, 2009, the Commissioner moved for a voluntary remand, which was granted on September 17, 2009. The Appeals Council then needed more than six months, until

April 12, 2010, to remand the case to the New Haven Office of Disability Adjudication and Review.  Once back in the hands of the New Haven office, it took almost nine more months for a second hearing to be held before the ALJ.  On April 21, 2011, the ALJ issued a partially favorable decision finding, *inter alia*, that the plaintiff was disabled for the "closed period" of December 1, 2005 to December 31, 2006 only.  The plaintiff commenced the instant action on June 23, 2011 challenging that decision, and on July 11, 2012, the Commissioner once again moved for voluntary remand.  Thus, the plaintiff has been waiting for more than six and a half years for a decision from the Commissioner that is free from legal error and is supported by substantial evidence.  Given the history of this case, the Appeals Council is **ORDERED** to release this matter to the New Haven Office of Disability Adjudication and Review within 125 days of the entry of this order.

In her opposition memo [Dkt. #33], the plaintiff objects to testimony being received via telephone on remand, as 20 C.F.R. § 404.938 contains no provision for the receipt of telephonic testimony.  The propriety of telephonic testimony is in doubt in this District, and the use of such testimony may, in some cases, constitute reversible error.  See Edwards v. Astrue, 3:10cv1017 (MRK), 2011 WL 3490024 (D.Conn. Aug. 10, 2011).  Accordingly, given the history of this case, and the timely objection raised by the plaintiff, no telephonic testimony shall be received on remand

without the consent of the plaintiff.

As both parties have consented to the Magistrate Judge entering a final order in this case, there is no need for review by a district judge.  See 28 U.S.C. § 636(c).  The Clerk is directed to close the case.  SO ORDERED.

**Dated at Hartford, Connecticut this 24<u>th</u> day of July, 2012.**

<u>**/s/ Thomas P. Smith**</u>
**THOMAS P. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
